**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

**KELLEY D.,**

        **Plaintiff,**

   **v.**

**COMMISSIONER OF**
**SOCIAL SECURITY,**

        **Defendant.**

**Civil Action 1:25-cv-00773**
**Judge Susan J. Dlott**
**Magistrate Judge Kimberly A. Jolson**

## REPORT AND RECOMMENDATION

Plaintiff Kelley D. brings this action under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI"). For the following reasons, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors (Doc. 8) and **AFFIRM** the Commissioner's decision.

## I.  BACKGROUND

On March 30, 2022, Plaintiff filed an application for SSI, alleging that she was disabled beginning January 1, 2021, due to anxiety, PTSD, chronic bilateral low back pain, osteoarthritis in lumbar spine, bilateral leg pain, IBS, dysphagia, trouble sleeping, chronic neck pain with limited range of motion, and GERD. (R. at 338–39, 378). After her application was denied initially and on reconsideration, Administrative Law Judge Thuy-Anh Nguyen ("ALJ") held a hearing on May 14, 2024. (R. at 93–116). Ultimately, the ALJ denied benefits in a written decision. (R. at 44–66). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (R. at 1–7).

Plaintiff filed the instant case seeking a review of the Commissioner's decision on October 24, 2025 (Doc. 1), and the Commissioner filed the administrative record on December 18, 2025 (Doc. 7).  The matter has been briefed and is ripe for consideration.  (Docs. 8, 12, 13).

### A.      The Administrative Record

In her opinion, the ALJ summarized Plaintiff's statements to the agency, hearing testimony, and Plaintiff's medical records and symptoms.  (R. at 50–57).  The ALJ also summarized and evaluated the medical source opinions and prior administrative medical findings.  (R. at 57–59).  Rather than repeat these summaries, the Court will focus the evidence pertinent to Plaintiff's assigned error below.

### B.      The ALJ's Decision

The ALJ found that Plaintiff has not engaged in substantial gainful activity since January 20, 2023, the amended alleged onset date.  (R. at 49–50).  The ALJ determined that Plaintiff suffered from the following severe impairments: disorders of the spine; degenerative joint disease of the knees and feet; a left shoulder disorder; obesity; tinnitus; anemia; a depressive disorder; an anxiety disorder; and post-traumatic stress disorder (PTSD).  (R. at 50).  The ALJ, however, found that none of Plaintiff's impairments, either singly or in combination, meet or medically equals a listed impairment.  (R. at 51).

As to Plaintiff's residual functional capacity ("RFC"), the ALJ opined:

> After careful consideration of the entire record, I find that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except for the following limitations. [Plaintiff] can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. [Plaintiff] can occasionally stoop, kneel, crouch, and crawl. [Plaintiff] is limited to occasional overhead reaching with the left upper extremity. [Plaintiff] must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. [Plaintiff] must avoid even moderate exposure to vibration. [Plaintiff] must avoid all exposure to dangerous hazards, such as heavy machinery and unprotected heights. [Plaintiff] can work in environments where noise levels are no louder than "moderate" as

> defined by the Selected Characteristics of Occupations (SCO). [Plaintiff] is limited to low stress jobs, defined as jobs involving simple, routine tasks that do not require a production rate pace and involve only simple, work-related decisions. [Plaintiff] is limited to frequent interaction with supervisors, and occasional and superficial interactions with coworkers, where superficial is defined as no tandem tasks, no confrontation, and no negotiation. [Plaintiff] is limited to work that does not involve interaction with the public as part of her job duties. [Plaintiff] is limited to work with no more than occasional changes in work duties or settings.

(R. at 53–54).

Upon "careful consideration of the evidence," the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (R. at 55).

Plaintiff has no past relevant work. (R. at 59). Relying on the vocational expert's testimony, the ALJ concluded that Plaintiff could perform light exertional, unskilled jobs that exist in significant numbers in the national economy, such as a warehouse checker, photocopy machine operator, or a garment sorter. (R. at 59–60). She therefore concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, since January 20, 2023, the amended alleged onset date (20 CFR 416.920(g))." (R. at 60).

## II. STANDARD OF REVIEW

The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see* 42 U.S.C. § 405(g). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, "even if a reviewing court would decide the matter

differently." *Olive v. Comm'r of Soc. Sec.*, No. 3:06 CV 1597, 2007 WL 5403416, at *2 (N.D. Ohio Sept. 19, 2007) (citing 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059–60 (6th Cir. 1983)).

## III.    DISCUSSION

Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence because it does not account for the use of an ambulatory aid. (Doc. 8). More specifically, Plaintiff asserts that the ALJ erred by unilaterally finding Plaintiff's use of a cane not medically necessary under Social Security Ruling 96-9p, 1996 WL 374185 (July 2, 1996) (hereinafter "SSR 96-9p"). (*Id.* at 2). The Commissioner counters that substantial evidence supports the decision. (Doc. 12).

A claimant's RFC is an assessment of "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1) (2012). A claimant's RFC assessment must be based on all the relevant evidence in her case file. *Id.* The ALJ is not required to incorporate use of a cane into the RFC unless the cane is medically required—in which case the cane is considered a limitation on a claimant's ability to work. *See Carreon v. Massanari*, 51 F. App'x 571, 575 (6th Cir. 2002); *see also Baker v. Comm'r of Soc. Sec.,* No. 2:19-cv-4323, 2020 WL 2213893, at *7 (S.D. Ohio May 7, 2020). Social Security Ruling 96-9p explains when a cane or other hand-held assistive device is "medically required" and the implications of that medical need for a claimant's RFC:

> To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The adjudicator must always consider the particular facts of a case. For example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded.

SSR 96-9p at *7.  It is the claimant's "burden to prove through clinical evidence that a cane is medically required."  *Baker*, 2020 WL 2213893, at *7 (quoting *Strain v. Comm'r of Soc. Sec. Admin.*, No. 5:12-cv-1368, 2013 WL 3947160, at *2 (N.D. Ohio Aug. 1, 2013)).

> Here, at Step 3 when determining Plaintiff's severe impairments, the ALJ found that

> [Plaintiff's] spine disorders do not meet or equal the criteria of listings 1.15 or 1.16. There is no record of a radicular or non-radicular distribution of symptoms or neurogenic claudication as required by the first subsection of these listings. Clinical exams in the record similarly have not documented the requisite neurological signs required by the second subsection of each listing. A review of the current record does not show any updated imaging of the spine since the 2012-13 studies detailed in the prior decision, which noted mild degenerative changes in the lumbar spine and no abnormalities in the cervical spine. (*See* Exhibit B1A, p. 11-12). There is therefore no evidence of nerve root compromise or compromise of the cauda equina on imaging, as required by the third subsection of these listings. Finally, there is no evidence of a documented medical need for a two-handed assistive device, a one-handed assistive device with an inability to use the other upper extremity, or an inability to use both upper extremities to initiate, sustain, and complete work-related activities, as required by the final subsection of this listing.

> [Plaintiff]'s knee and shoulder issues do not meet or equal the criteria of listing 1.18. One of the requirements of this listing also requires evidence of a documented medical need for a two-handed assistive device, a one-handed assistive device with an inability to use the other upper extremity, or an inability to use both upper extremities to initiate, sustain, and complete work-related activities. However, as noted above, there is no evidence of such a documented medical need.

(R. at 52).  The ALJ then found the evidence shows that the use of a cane is not medically necessary under SSR 96-9p. (R. at 56).

As noted, Plaintiff contends the ALJ's application of SSR 96-9p constitutes reversible error.  She relies upon the language of the ruling and nonbinding caselaw to argue that SSR 96-9p's application is limited to only when a plaintiff's RFC is less than a full range of sedentary work.  (Doc. 8 at 5–7; *see also* Doc. 13 at 2–3).  But in this case, the ALJ found Plaintiff capable of light work with restrictions.  (R. at 53–54).

Plaintiff is correct that the express purpose of SSR 96-9p is "[t]o explain the Social Security Administration's policies regarding the impact of a Residual Functional Capacity assessment for less than a full range of sedentary work on an individual's ability to do other work."  SSR 96-9p. Yet this Court recently noted that no authority within the Sixth Circuit stands for the proposition that the ALJ cannot rely on SSR 96-9p "where he finds, as here, Plaintiff retains the RFC to perform more than sedentary work, *i.e.*, light work."  *Brandy H. v. Comm'r of Soc. Sec.*, No. 3:25-CV-93, 2026 WL 691642, *4 (S.D. Ohio Mar. 12, 2026).  Plaintiff does not cite binding or even in-Circuit authority for that idea now.  (*See generally* Docs. 8, 13); *cf. Mahoney v. Comm'r of Soc. Sec.*, No. 3:20-CV-00423-CHL, 2021 WL 4493680, at *3 (W.D. Ky. Sept. 30, 2021) (stating only an ALJ was not required to undertake the SSR 96-9p analysis where the plaintiff was limited to less than the full range of light work); *Coyer v. Comm'r of Soc. Sec. Admin.*, No. 2:18-CV-11072, 2019 WL 3361261, at *7 (E.D. Mich. July 9, 2019) (agreeing only that a portion of SSR 96-9p related to mental limitations or restrictions did not apply to an ALJ's decision that the plaintiff has an RFC for light work), *report and recommendation adopted sub nom. Coyer v. Berryhill*, No. 18-11072, 2019 WL 3342633 (E.D. Mich. July 25, 2019).  Still more, courts within the Sixth Circuit have considered SSR 96-9p even in the context of a light work RFC.  *See, e.g.*, *Stupka v. Saul*, No. 1:19 CV 02305, 2020 WL 8771340, at *7–10 (N.D. Ohio Dec. 29, 2020), *report and recommendation adopted*, No. 1:19-CV-2305, 2021 WL 508298 (N.D. Ohio Feb. 11, 2021); *Whayne v. Comm'r of Soc. Sec.*, No. 17-CV-10262, 2018 WL 1256237, at *3–4 (E.D. Mich. Mar. 12, 2018).  For these reasons, this Court should decline to remand on this issue alone.  *See also Brandy H.*, 2026 WL 691642, *4 (finding the ALJ's reference to SSR 96-9p was harmless error).

Regardless, the Undersigned further concludes that the ALJ's finding that the record did not establish a need for a cane is supported by substantial evidence.  The ALJ considered that at

her disability hearing, Plaintiff reported that her mobility was limited, and she used a cane related to complaints of gait, balance, falls, and pain.  (R. at 54 (citing R. at 98, 101; *but see* R. at 99 (Plaintiff's attorney acknowledging that she did not see where the cane was used at any of Plaintiff's appointments in the record))).  She started using the cane as well as a shower chair at the end of 2023.  (*Id.* (citing R. at 104–105)).  In her disability report, she additionally stated she uses a walking cane to help with balance, and she has difficulty standing and walking.  (*Id.* (citing R. at 410, 414, 419)).

Still, the ALJ found that Plaintiff's testimony about cane use was not consistent with the available records.  In particular, the ALJ noted clinical examinations failed to document any use of a cane or other assistive device and generally documented normal gait and neuromotor function.  (R. at 56; *see also* R. at 55 ("The available clinical exams have mainly noted no signs of pain distress with normal or unremarkable gait, strength, sensation, reflexes, ranges of motion (outside of the left shoulder), and coordination.") (citing R. at 490–91, 534–55, 646–47, 733, 737–38, 926, 930–32, 1001–02, 1151–53, 1184, 1292–93, 1305–06, 1365, 1422–23))).  The ALJ noted that though Plaintiff eventually obtained prescriptions for a quad cane and a shower chair in May 2024, the prescription came months after Plaintiff testified that she required the devices.  (R. at 56 (citing R. at 1408–09)).  And the prescriptions did not explain or support Plaintiff's need for them beyond a "cursory" reference to back pain.  (*Id.* (citing R. at 1408–09)).  Additionally, the ALJ highlighted that actual treatment records from Plaintiff's primary care physicians continually indicated that she was able to ambulate on her own at least through the last documented visit in April 2024.  (*Id.* (citing, *e.g.*, R. at 1289, 1418–19)).  After considering this evidence, the ALJ concluded the use of a cane was not medically necessary.  (*Id.*).

The Undersigned finds no error in the ALJ's analysis.  To the extent Plaintiff points to her testimony about her cane usage, courts have found a plaintiff's testimony regarding use of assistive devices "unavailing when the record lacked supporting medical documentation demonstrating the requirement for such a device."  *Stupka*, 2020 WL 8771340, at *9 (collecting cases).  Plaintiff's May 2024 prescription does not help her either, as the ALJ acknowledged the reason provided for the prescription was cursory and concluded treatment records supported Plaintiff's ability to ambulate independently.  *See Cayenne W. v. Comm'r of Soc. Sec.*, No. 2:23-CV-1282, 2024 WL 1155851, at *10 (S.D. Ohio Mar. 18, 2024) ("Courts in the Southern District of Ohio overwhelmingly agree, either finding no error or – at most – harmless error - when the plaintiff fails to point to essential documentation that states the specific circumstances for which a cane or walker is medically necessary.") (collecting cases); *see also Marko v. Comm'r of Soc. Sec.*, No. 2:16-CV-12204, 2017 WL 3116246, at *5 (E.D. Mich. July 21, 2017) (holding that nothing in a "mere prescription for a cane provides evidence to indicate the frequency with which the cane should be used, its purpose, or its limit upon Plaintiff's ability to perform light work").

Finally, though Plaintiff highlights evaluations noting her "mobility limitation"; edema, pain, and tenderness in her lower body; falls; abnormal gait; and back spasms (*see generally* Docs. 8, 13), these citations are merely an invitation for the Court to reweigh the evidence.  The law prohibits the Court from reweighing the evidence and substituting its judgment for that of the ALJ. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (citing *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995)) ("This court reviews the entire administrative record, but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ.").

In sum, the Undersigned does not find that the ALJ committed reversible error in considering the record against SSR 96-9p, and substantial evidence supports her decision. Remand is not required here.

## IV. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that the Court **AFFIRM** the Commissioner's decision.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a forfeiture of the right to have the district judge review the Report and Recommendation *de novo* and in a forfeiture of the right to appeal the decision of the District Court adopting the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: May 13, 2026

*s/ Kimberly A. Jolson*
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE