IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Kelley D., | : | |
| | : | Case No. 1:25-cv-773 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting Report and |
| Commissioner of Social Security, | : | Recommendation |
| | : | |
| Defendant. | : | |

This matter is before the Court on the Report and Recommendation ("R&R") issued by Magistrate Judge Kimberly A. Jolson on May 13, 2026. (Doc. 14.) The Magistrate Judge recommends that the Court affirm the decision of Defendant Commissioner of Social Security ("Commissioner") denying Plaintiff Kelley D.'s application for Supplemental Security Income ("SSI"). (*Id.* at PageID 1500.) On May 21, 2026, Plaintiff filed an Objection. (Doc. 15.) For the reasons that follow, the Court will overrule Plaintiff's Objection and adopt the R&R.

## I. BACKGROUND

As set forth by the Magistrate Judge in her R&R, Plaintiff filed an application for SSI on March 30, 2022, due to anxiety, post-traumatic stress disorder, chronic bilateral low back pain, osteoarthritis in lumbar spine, bilateral leg pain, irritable bowel syndrome, dysphagia, trouble sleeping, chronic neck pain with limited range of motion, and gastroesophageal reflux disease. (Doc. 7 at PageID 360–361, 400.) Plaintiff's application was initially denied on October 13, 2022, and again denied upon reconsideration on September 29, 2023. (*Id.* at PageID 248, 254.) Then on August 1, 2024, the Administrative Law Judge ("ALJ") for the Social Security Administration issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at PageID 66–88.)

An ALJ follows a five-step sequential evaluation process to determine if a claimant is disabled:

> 1) If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> 2) If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.
>
> 3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.
>
> 4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> 5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 404.1520(b)–(g)).[1]

The ALJ made the following relevant findings (using the numbers provided in the ALJ's decision):

> 2. [Plaintiff] has the following severe impairments: disorders of the spine; degenerative joint disease of the knees and feet; a left shoulder disorder; obesity; tinnitus; anemia; a depressive disorder; an anxiety disorder; and post-traumatic stress disorder (PTSD) (20 CFR 416.920(c)).
>
> 3. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except for the following limitations. [Plaintiff] can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds.

---

[1] A dispositive finding at any step terminates the ALJ's review. *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

> [Plaintiff] can occasionally stoop, kneel, crouch, and crawl. [Plaintiff] is limited to occasional overhead reaching with the left upper extremity. [Plaintiff] must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. [Plaintiff] must avoid even moderate exposure to vibration. [Plaintiff] must avoid all exposure to dangerous hazards, such as heavy machinery and unprotected heights. [Plaintiff] can work in environments where noise levels are no louder than "moderate" as defined by the Selected Characteristics of Occupations (SCO). [Plaintiff] is limited to low stress jobs, defined as jobs involving simple, routine tasks that do not require a production rate pace and involve only simple, work-related decisions. [Plaintiff] is limited to frequent interaction with supervisors, and occasional and superficial interactions with coworkers, where superficial is defined as no tandem tasks, no confrontation, and no negotiation. [Plaintiff] is limited to work that does not involve interaction with the public as part of her job duties. [Plaintiff] is limited to work with no more than occasional changes in work duties or settings.

(Doc. 7 at PageID 72–73, 75–76.) The ALJ concluded Plaintiff had not been under a disability within the meaning of the Social Security Act since the alleged amended onset date of January 20, 2023. (*Id.* at PageID 82.) The Appeals Council then denied Plaintiff's request for review on August 26, 2025 making the ALJ's decision the final decision of the Commissioner. (*Id.* at PageID 23.)

Subsequently, Plaintiff filed the present federal lawsuit seeking judicial review of the ALJ's residual functional capacity ("RFC") determination. (Doc. 5.) Plaintiff asserts a single error in her Statement of Specific Errors: "[t]he ALJ Reversibly Erred by Requiring [Plaintiff] to Meet the Standard in [Social Security Ruling] SSR 96-9p and by Failing to Include the use of any Ambulatory Aid Whatsoever in his RFC Determination." (Doc. 8 at PageID 1472.) Defendant filed a Response in Opposition to Plaintiff's Statement of Specific Errors, to which Plaintiff filed a Reply. (Docs. 12, 13.)

On May 13, 2026, the Magistrate Judge issued the pending R&R in which she recommended the Court overrule Plaintiff's Statement of Errors and affirm the Commissioner's decision. (Doc. 14.) In her R&R, the Magistrate Judge found that SSR 96-9p was not

improperly considered by the ALJ. (*Id.* at PageID 1505.) She additionally concluded "that the ALJ's finding that the record did not establish a need for a cane is supported by substantial evidence." (*Id.*) On May 21, 2026, Plaintiff filed an Objection to the R&R. (Doc. 15.) For the reasons that follow, the Court will overrule Plaintiff's Objection.

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure Rule 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them. Parties then have fourteen days to file and serve specific written objections to the report and recommendations. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party files objections to a report and recommendation on a dispositive matter, a district judge must review the objections under the *de novo* standard. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantially similar).

## III. ANALYSIS

### A. The ALJ did not err in referencing SSR 96-9p when evaluating whether an assistive walking device was necessary given Plaintiff's light work RFC.

Plaintiff correctly points out that SSR 96-9p's express purpose is "[t]o explain the Social Security Administration's policies regarding the impact of a residual functional capacity (RFC) assessment for less than a full range of sedentary work on an individual's ability to do other work." SSR 96-9p, 1996 WL 374185, at *1 (July 2, 1996). SSR 96-9p therefore does not strictly govern light work RFC determinations. *See Scales v. Comm'r of Soc. Sec.*, No. 1:19-cv-003, 2020 WL 830964, at *8 (S.D. Ohio Feb. 20, 2020), *report and recommendation adopted by,* 2020 WL 1083638, at *1 (S.D. Ohio Mar. 6, 2020). Rather for light work RFC determinations,

the ALJ must determine whether a cane is "a necessary device for [Plaintiff's] use" to "be considered an exertional limitation that reduced her ability to work." *Carreon v. Massanari*, 51 F. App'x 571, 575 (6th Cir. 2002). However, the Court finds no authority that precludes the ALJ from referencing SSR 96-9p when Plaintiff is given an RFC determination of more than sedentary work.

While the Sixth Circuit has not explicitly addressed whether an ALJ may rely on SSR 96-9p in light work cases, courts within this Circuit regularly consult its framework as guidance for evaluating medical necessity under *Carreon*. *See Brandy H. v. Comm'r of Soc. Sec.*, No. 3:25-cv-93, 2026 WL 691642, at *4 (S.D. Ohio Mar. 12, 2026); *Stupka v. Saul*, No. 1:19-CV-2305, 2020 WL 8771340, at *7–8 (N.D. Ohio Dec. 29, 2020); *Swearengin v. Berryhill*, No. 3:17-CV-32, 2018 WL 5045216, at *3–4 (E.D. Tenn. Oct. 17, 2018); *Whayne v. Comm'r of Soc. Sec.*, No. 17-cv-10262, 2018 WL 1256237, at *4 (E.D. Mich. Mar. 12, 2018); *Ross v. Comm'r of Soc. Sec.*, No. 2:17-cv-169, 2018 WL 580157, at *6 (S.D. Ohio Jan. 29, 2018). Moreover, even assuming that SSR 96-9p is not appropriately applied to light work, any reference to it by the ALJ is harmless where the ALJ properly evaluated the medical evidence as to whether the cane is "necessary" under *Carreon*. *See Brandy H.*, 2026 WL 691642, at *4 (finding that the ALJ's reference to SSR 96-9p is harmless error where there is no prejudice to Plaintiff on the merits nor deprivation of a substantial right).

### B. Substantial evidence supports the ALJ's exclusion of an ambulatory aid in Plaintiff's RFC.

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of New York v. NLRB*, 305 U.S. 197, 229

(1938) (citation omitted). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently . . . and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health and Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

As stated above, an ALJ is required to incorporate the use of a cane into a light work RFC determination when the cane is considered "a necessary device for [Plaintiff's] use . . . [and] an exertional limitation that reduce[s] her ability to work." *Carreon*, 51 F. App'x at 575. Here, substantial evidence supports the ALJ's conclusion that Plaintiff's cane was not necessary. Consequently, the ALJ was not required to include a cane limitation in Plaintiff's RFC.

Plaintiff reported limited mobility and use of a cane with complaints related to gait, balance, falls, and pain. (Doc. 7 at PageID 120.) But substantial record evidence undermines the medical necessity of a cane. Although Plaintiff claimed to have used a cane since late 2023, her counsel conceded at the May 14, 2024 administrative hearing that treatment records from that period contained no documentation of her using a cane during her clinical appointments. (*Id.* at PageID 121, 126.) Later in the hearing, Plaintiff even agreed she "might not have been" using a cane during those visits. (*Id.* at PageID 130.) Furthermore, the record examinations "mainly noted no signs of pain distress with normal or unremarkable gait, strength, sensation, reflexes, ranges of motion (outside of the left shoulder), and coordination." (*Id.* at PageID 77 (citing PageID 508–514, 552–558, 663–670, 754–761, 948–955, 1019–1024, 1169–1175, 1179–1184, 1193–1206, 1310–1316, 1324–1328, 1381–1387, 1440–1446.)) Plaintiff's primary care physicians continually indicated that she was able to ambulate on her own at least through the

last documented visit in April 2024. (*Id.* at PageID 1311, 1440–1441.) Additionally, while Plaintiff was referred to a neurologist in December 2023, the record contains no evidence that she saw a specialist. (*Id.* at PageID 120.)

Plaintiff also did not obtain a prescription for a cane and shower chair until May 8, 2024, months after she testified that she required the devices. (*Id.* at PageID 1431.) The prescriptions did not explain Plaintiff's need for them beyond a reference to back pain. (*Id.* at PageID 1430–1431.) The ALJ acknowledged the prescriptions but noted that they were undermined by "the actual treatment records" continually indicating that Plaintiff was "able to ambulate on her own without needing any mobility aids" at least through the last documented visit in April 2024. (*Id.* at PageID 78, 1311, 1440–1441.)

In sum, the ALJ's determination that Plaintiff's cane was not a medically necessary device is supported by substantial evidence. The Court will adopt the Magistrate Judge's well-reasoned R&R.

## IV. CONCLUSION

For the reasons stated above, the Magistrate Judge's R&R is **ADOPTED** (Doc. 14), Plaintiff's Objection is **OVERRULED** (Doc. 15), and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge